09-4212-ag
Zhang v. Holder

BIA
Nelson, IJ
A 094 927 000

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of June, two thousand ten.

PRESENT:
        GUIDO CALABRESI,
        RICHARD C. WESLEY,
        PETER W. HALL,
                *Circuit Judges*.

_____

YU ZHANG,
        *Petitioner*,

        v.                                         09-4212-ag
                                                   NAC
ERIC H. HOLDER, JR., U.S. ATTORNEY
GENERAL,
        *Respondent*.

_____

FOR PETITIONER:        Guang Jun Gao, Flushing, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Carl McIntyre, Assistant
                       Director; Steven F. Day, Trial
                       Attorney, Office of Immigration
                       Litigation, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yu Zhang, a native and citizen of China, seeks review of the September 11, 2009, order of the BIA affirming the December 20, 2007, decision of Immigration Judge ("IJ") Barbara A. Nelson denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yu Zhang*, No. A 094 927 000 (B.I.A. Sept. 11, 2009), *aff'g* No. A 094 927 000 (Immig. Ct. N.Y. City Dec. 20, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and the BIA's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Substantial evidence supports the agency's adverse credibility determination. Zhang argued that his failure to mention his alleged arrest in his asylum application was too insignificant to undermine his credibility. Under the REAL ID Act, however, an IJ may rely on *any* inconsistency between an applicant's oral and written statements when making an adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). However, the discrepancy the IJ identified was not insignificant. To the contrary, Zhang's failure to mention his arrest undermines the very basis of his claim: that the Chinese government seeks to punish him for his resistance to the family planning policy. The IJ also properly noted that none of the letters from Zhang's father or sister mentioned that Zhang was ever arrested or detained. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir. 2006) (holding that an asylum applicant's failure to corroborate his testimony may bear on credibility when the absence of corroboration makes him unable to rehabilitate testimony that has already been called into question). The IJ also considered and reasonably rejected Zhang's argument that "the term 'arrest' can be rendered in so many different ways in Chinese" that he could "be easily thrown into confusion" about its

2

meaning.  *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

Although Zhang also argues that his asylum application may have been incorrectly prepared due to poor translation or "by some legal assistant who might have carelessly ignored some details while preparing" the application, he presents no evidence in support of this argument and, in any event, he did not raise it before the BIA.  *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004) (holding that petitioners must raise to the BIA the specific issues they later raise in this Court).

Ultimately, the agency's credibility determination was supported by substantial evidence.  *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin*, 534 F.3d at 167.  Therefore, it did not err in denying Zhang's application for asylum and withholding of removal.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

Finally, contrary to Zhang's argument that the IJ employed a "heightened standard" in evaluating his CAT claim, the IJ applied the correct standard in determining that Zhang failed to submit any "particularized evidence" that it was "more likely than not that he would be tortured if returned to China."  *See Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 143-44 (2d Cir. 2003) (holding that the relevant inquiry is whether someone in the petitioner's "particular alleged circumstances" is more likely than not to be tortured); *see also* 8 C.F.R. § 208.16(c)(4).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted is VACATED, and any pending motion for a stay of removal is DISMISSED as moot.  Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3